**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Irving V.R.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO. 23-1533 (GLS)

**OPINION AND ORDER**

Plaintiff Irving V.R. filed a Complaint seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits. Docket No. 1. On March 26, 2025, the Court issued an Order remanding the case to the Social Security Administration ("SSA") agency with instructions to conduct a new hearing. Docket No. 18. On April 24, 2025, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Docket No. 20. Plaintiff asserts that he is a prevailing party and requests $14,403.38 in attorney's fees. Id. On June 26, 2025, the Commissioner opposed Plaintiff's request for attorney's fees and argued that the requested fees should be confined to the hours reasonably spent on prevailing claims. Docket No. 23. Plaintiff replied at Docket No. 26.

Under section 2412(d)(1)(A) of the EAJA, a court shall award to a prevailing party, other than the United States, fees and other expenses incurred by that party in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in any civil action under the EAJA requires: (1) that the claimant be a "prevailing party;" (2) that the Government's position was not "substantially justified;" (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within 30 days of final judgment, supported by an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B). See Comm'r I.N.S. v. Jean, 496 U.S. 154, 158 (1990). The Commissioner does not dispute

---

[1] Plaintiff's last name is omitted for privacy reasons.

1

that Plaintiff is entitled to an award of attorney's fees under the EAJA. The Commissioner contests the reasonableness of the amount of fees requested.

The fee applicant bears the burden of proving entitlement to fees and documenting the hours worked and applicable rates. Cano v. Saul, 505 F. Supp. 3d 20, 23 (D. Mass. 2020). As such, counsel for the prevailing party must make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary" from a fee request. Hensley v. Eckerhard, 461 U.S. 424, 434 (1983). Once this burden is met, the district court must review the request and exclude any hours not reasonably expended. Cano, 505 F. Supp. 3d at 23 (citing Hensley, 461 U.S. at 434). There is no precise formula for reducing fees; the court may identify specific hours to eliminate or apply an overall reduction, exercising discretion in making this equitable determination. Id. at 436-437.

Plaintiff submitted an itemized statement of fees seeking an award of $14,403.38, for a total of 65.1 attorney hours at a rate of $221.25 per hour. Docket No. 20-1. The Commissioner does not challenge Plaintiff's attorney's hourly rate but argues that the fee award should be reduced to $6,084.38, for an adjusted total of 27.5 hours. Docket No. 23. The Commissioner contends that Plaintiff has not shown it was reasonably necessary to spend 65.1 hours in prosecuting the case because most of the arguments made by Plaintiff were not the basis for the Court's decision to remand. The Commissioner argues that the Court's order remanding the case relied solely on an issue raised in Plaintiff's reply brief: that the ALJ may have overlooked evidence of sacroiliac injections. Plaintiff counters that although the remand focused on sacroiliac injections, this issue arose from a broader set of legal and factual challenges presented in his opening brief, with the reply brief refining the argument after the Commissioner failed to address the evidence substantively. Docket No. 26.

Plaintiff initially sought to reverse the Commissioner's decision on three grounds: (1) inconsistencies between the RFC and the VE testimony, (2) conflict with Social Security Regulation 00-4p ("SSR 00-4p"), and (3) the ALJ's failure to account for medical evidence in formulating the RFC. See Docket Nos. 13, 18. Plaintiff succeeded on the third claim only, and solely as it related to the ALJ's failure to account for evidence of sacroiliac injections when formulating the physical RFC. See Docket No. 18 at p. 12. The Court thus finds that the fee award should be reduced to account for the hours spent on the first and second claims, which were unsuccessful. Rivera-Quintana v. Comm'r of Soc. Sec., 692 F. Supp. 2d 223, 227 (D.P.R. 2010) ("courts may also reduce a prevailing party's requested fees even if the party has succeeded on all or substantially all of his claims, by eliminating specific hours or reduce the overall fee to account for the prevailing party's limited success."). Accordingly, 3.8 hours spent drafting the first and

second arguments will be deducted from the total amount of hours requested by Plaintiff. See Docket No. 20-1 (entry for 1/18/2024). As it relates to the third argument, the Court found that the ALJ failed to account for medical evidence (the steroid injections) in formulating the physical RFC but did not find errors with respect to the medical evidence accounted for in formulating the mental RFC. Docket No. 18 at pp. 9-14. Therefore, 2.3 hours of the 4.6 hours spent on drafting this third argument (entry for 1/19/2024) will be reduced to account for work related to the successful issue only. Hensley, 461 U.S. at 436-437 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").

The Commissioner requested that only 6.2 hours spent in the reply be approved as these were the hours spent on the successful argument while the remainder addressed unsuccessful arguments, including VA ratings, mental limitations, and alleged vocational conflicts. The Court agrees. Plaintiff's request will be further reduced as follows: 1.6 hours spent on the VA rating argument, 2.4 hours spent on the mental RFC portion, and 1.6 hours spent on the VE conflict section. See Docket No. 20-1 (entries for 2/23/2024 and 2/26/2024). Additionally, 3.0 of the 4.6 hours spent finalizing, proofreading, and filing the reply brief will be excluded to reflect work on the successful argument only. See id. (entry for 2/29/2024). Saeed v. Comm'r of Soc. Sec., 2018 WL 5555064, at *2 (D. Mass. Oct. 28, 2018) (reducing attorney hours from 38 to 27 hours to account for unsuccessful arguments); Tracey S. v. SSA Comm'r, 2018 WL 4350178, at *2 (D. Me. Sept. 12, 2018) ("[I]f a plaintiff is successful on one claim but unsuccessful on another, she will be awarded attorneys' fees only for the work done on the successful claim.").

Accordingly, Plaintiff's motion for attorney's fees under the EAJA is **GRANTED in part and DENIED in part**. After reducing a total of 14.7 hours attributable to Plaintiff's unsuccessful arguments, Plaintiff is **awarded $11,151.00 in attorney's fees, for 50.4 hours at a rate of $221.25 per hour**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 18th day of May 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

3